UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) : DEFENDANT CITY OF PASADENA'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT (Dkt. No. 7, filed January 7, 2015)

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS (Dkt. No. 11, filed January 9, 2015)

DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS (Dkt. No. 14, filed January 23, 2015)

DEFENDANT GREYHOUND LINES, INC.'S MOTION TO DISMISS (Dkt. No. 16, filed January 23, 2015)

     The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing dates of February 9, 2015 and February 23, 2015 are vacated, and the matters are hereby taken under submission.

## I.     INTRODUCTION

     On December 10, 2014, plaintiff filed this lawsuit against defendants the City of Pasadena, California (the "City"), Sam Suliman ("Suliman"), Greyhound Lines, Inc. ("Greyhound"), Bruce T. McIntosh ("McIntosh"), the County of Los Angeles, California (the "County"), the State of California (the "State"), the United States of America (the "United States"), Stan Mathiouslais, M.D. ("Mathiouslais"), and Huntington Orthopedics ("Huntington"). Dkt. No. 1. The complaint appears to raise claims for relief for constitutional violations under 42 U.S.C. § 1983; the Americans with Disabilities Act, 42

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

U.S.C. §§ 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; and Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, *et seq.* Id.

On January 7, 2015, the City filed a motion to dismiss plaintiff's complaint or, in the alternative, for a more definite statement. Dkt. No. 7. On January 9, 2015, the County filed a motion to dismiss. Dkt. No. 10. The State and Greyhound filed separate motions to dismiss on January 23, 2015. Dkt. Nos. 14, 16. Defendant did not file an opposition to any of the instant motions.[1] For the reasons that follow, the Court **GRANTS** each motion with leave to amend.

## II.   FACTUAL BACKGROUND

Plaintiff's complaint is not a model of clarity, but the Court gleans from it the following facts, which are taken as true for purposes of the instant motions to dismiss. On February 1, 2014, plaintiff subleased a housing unit from Suliman. Compl. at 6:8-10. Beginning on August 1, 2014, plaintiff notified the City of certain problems associated with the housing unit (including utilities and safety issues) but neither the City nor the County has forced Suliman or McIntosh, Suliman's attorney, to comply with applicable housing codes. Id. at 6:12-21.

Suliman brought an unlawful detainer action in Los Angeles County Superior Court against parties including plaintiff, and obtained a judgment against plaintiff, which

---

[1] Pursuant to this Court's Local Rules, an opposition to a civil motion must be served upon all other parties and filed no later than twenty-one days before the date designated for the hearing of the motion. C.D. Cal. L.R. 7-9. Because the City's and County's motions were noticed for hearing on February 9, 2015, plaintiff's oppositions to those motions was due no later than January 19, 2015. Because the State's and Greyhound's motions were noticed for hearing on February 23, 2015, plaintiff's oppositions to those motions was due no later than February 2, 2015. "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-11. Nevertheless, the Court has considered the merits of plaintiff's complaint and the instant motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

plaintiff has refused to pay.² Id. at 7:4-10. Plaintiff alleges that he has appealed from this ruling. Id. at 7:22-26. He also asks the Court to review the unlawful detainer action for state and federal civil rights violations. Id. at 9:2-3.

Los Angeles County sheriffs evicted plaintiff from his housing unit for refusing to pay the court judgment, allegedly at the direction of the City, the County, Suliman, and McIntosh.³ Id. at 7:10-12. Plaintiff alleges that the sheriffs gave him only five minutes to vacate the property, allowed him only five days to remove his belongings from the property, and evicted small children from the property as well. Id. at 7:12-17, 9:11-12. He asserts that the City, County, Suliman, and McIntosh stole some of his personal property during the eviction process. Id. at 9:13-14. Plaintiff contends that "the housing eviction standard was violated by defendants" through these acts. Id. at 7:17-19. Plaintiff alleges that the County also made it difficult for him to retrieve his personal property from the housing unit, and that County officers threatened to arrest him for trespassing on the property. Id. at 9:23–10:19. He also asserts that all evicted tenants were minorities, id. at 7:27, and that the County discriminated against him in the eviction, id. at 9:20-21.

Plaintiff also asserts that the City charged him for utilities bills for which he was not responsible. Id. at 10:20–11:5. Plaintiff alleges, without elaboration, that "[i]t is clear [the City, Suliman, and McIntosh] are discriminating against USA Veterans, poor Americans, and me." Id. at 6:21-22.

---

²The Court takes judicial notice of a docket summary and writ of possession of real property entered in that action, Sam A. Suliman v. Ismael Lucas, et al., Case No. 14P6058, which plaintiff specifically references in his complaint. See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[C]ourts may take judicial notice of court filings and other matters of public record."). The docket summary indicates that the case began with an unlawful detainer complaint filed on August 6, 2014, and judgment was entered for Suliman against plaintiff after a trial on September 11, 2014. Dkt. No. 11 Ex. A.

³The Court notes that although plaintiff alleges that the Superior Court judge works for the County, the Superior Court is in fact an arm of the State of California. See [citation].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

Plaintiff also alleges that in July 2014, he bought a Greyhound bus ticket for his step-grandson to travel from Tucson, Arizona to El Monte, California. Greyhound allegedly lost the step-grandson's baggage, and has not recovered the baggage or otherwise remedied the situation despite entreaties by plaintiff and his wife. Id. at 8:5-13.

Plaintiff alleges that the State has "failed to offer the proper guidelines for implementing the housing codes in the State of California." Id. at 11:14-16. Similarly, he alleges that the United States has "failed to establish Federal guidelines for rental housing evictions." Id. at 14:26-27. Finally, he alleges that Mathiouslais and Huntington improperly refused to render medical assistance by not providing him with the drug NORCO, and by trying to get plaintiff to have an unspecified medical operation. Id. at 12:11-22. He alleges that the United States caused the NORCO-related violation by changing the patient requirements for using that drug. Id. at 12:23-25.

### III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV. ANALYSIS**

    **A. The City's Motion to Dismiss**

As stated above, plaintiff alleges that City employees or agents engaged in the following misconduct: (1) failed to force other defendants to comply with housing codes and regulations or otherwise fix problems in the housing unit, (2) stole unspecified personal property from plaintiff, (3) refused to allow plaintiff into the housing unit after eviction to retrieve his belongings, and (4) improperly charged plaintiffs for power and water bills he did no incur. Because it is not entirely clear under which statutes plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

seeks to hold each defendant liable, the Court analyzes below whether plaintiff has stated a claim against the City under any of the statutes referenced in his complaint.

    1.    Plaintiff's 42 U.S.C. § 1983 Claim

Plaintiff seeks to hold the City liable for purported constitutional violations. To recover damages under § 1983 against a municipality involved in a constitutional violation, a plaintiff must prove a constitutional injury resulting from a "policy, practice, or custom of the local entity." Avalos v. Baca, 517 F. Supp. 2d 1156, 1166 (C.D. Cal. 2007) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)). The "proper analysis" of a so-called "Monell claim" requires an assessment of "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).

The Court is unable to discern exactly what constitutional right City employees or agents are alleged to have violated. But even if a particular constitutional violation were sufficiently pled, the Supreme Court has explained that "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 691). A plaintiff may establish municipal liability in one of three ways:

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy. Whether a particular official has final policy-making authority is a question of state law. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (citations and quotation marks omitted). In the absence of a formal government policy, a plaintiff must show a practice "so 'persistent and widespread' that it constitutes a 'permanent and well settled [municipal] policy.' " Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." Id. Additionally, this custom must be both the factual and proximate cause of the constitutional deprivation. Id. at 920.

Plaintiff has not alleged any formal government policy or longstanding practice that caused any alleged constitutional violation. Nor has plaintiff alleged that any constitutional tort was committed by or ratified by an official with final policymaking authority. Accordingly, plaintiff has not stated a § 1983 claim against the City.

      2.      Plaintiff's Americans with Disabilities Act Claim

The caption of plaintiff's complaint references "USA ADA, & Other—USA Veterans with disabilities." Plaintiff alleges without elaboration that he is a disabled veteran, and that he has "legal rights [under] . . . USA-ADA." Compl. at 6:1-4. Near the end of his complaint, plaintiff states that he "alleges this claim under the USA Civil rights Act—445 [Americans with Disabilities Act—Other]" and brings civil rights claims "under the USA [446 Americans with Disabilities Act—other (Veterans with Disabilities)]." Id. at 14:12-13, 14:23-26.

Although plaintiff does not make clear under which provision of the ADA he brings suit, Title II of the ADA provides a private right of action against a public entity that discriminates on the basis of disability. See 42 U.S.C. §§ 12101 et seq. To state a claim under Title II of the ADA, a plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)).  An ADA plaintiff must allege "the existence of specific reasonable accommodations that [the defendant] failed to provide." Memmer v. Marin County Courts, 169 F.3d 630, 633 (9th Cir. 1999).  Moreover, "[r]ecovery of damages under Title II requires a showing of intentional discrimination." Cohen v. City of Culver City, 754 F.3d 690, 695 n.6 (9th Cir. 2014).  At a minimum, the plaintiff "must prove that the defendant public entity acted with 'deliberate indifference,' meaning that it knew that harm to a federally protected right was substantially likely and failed to act upon that knowledge." Id.

Plaintiff has failed to allege his specific disability, which benefits he was denied, specific reasonable accommodations that any defendant failed to provide, or facts suggesting intentional discrimination or deliberate indifference.  Therefore, to the extent that plaintiff attempts to state a claim for relief for violation of the ADA against the City, that claim is dismissed.

       3.     Plaintiff's Title VII Claim

Title VII of the Civil Rights Act of 1964 prohibits certain types of discrimination by covered employers.  See 42 U.S.C. § 2000e-2.  Title VII "limit[s] civil liability to the employer." Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993).  There is no allegation that suggests that the City (or any other defendant) employed plaintiff.  Therefore, plaintiff has not stated a claim under Title VII.  See Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1216 (D. Haw. 2001) (granting summary judgment in favor of a defendant sued under Title VII because nothing in the record suggested that the defendant was the plaintiff's employer).

       4.     Plaintiff's Title VIII Claim

The complaint includes "Title VIII, Civil rights' Act of 1968" in its caption, but does not otherwise mention that law.  Title VIII "principally forbids owners or sellers of real property from discriminating against qualified renters or purchasers because of their membership in a protected class." Jackson v. Metro. Council HRA Mgmt. Ass'n, Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

No. 10-2370 (JRT/JJG), 2011 WL 1486039, at *3 (D. Minn. Mar. 18, 2011) (citing 42 U.S.C. § 3604). Plaintiff does not allege that the City had any role in renting the housing unit to him, or failing to do so for discriminatory reasons. Rather, his theory (if any) seems to be that the City violated Title VIII by failing to enforce unspecified housing codes against his former landlord. Such claims are not cognizable under Title VIII. See id. at *3–4 (dismissing Title VII claims against a government official for failing to enforce the law). Therefore, this claim is dismissed.

### B. The County's Motion to Dismiss

As summarized above, plaintiff alleges the following wrongdoing by the County, or its agents or employees: (1) refusing to enforce housing codes against Susiman, (2) evicting plaintiff for refusing to pay a state court judgment, (3) stealing unspecified personal property, and (4) refusing to allow plaintiff back into the housing unit to collect belongings.

#### 1. Rooker-Feldman Doctrine

The County argues that all claims against it are barred by the Rooker-Feldman doctrine. This doctrine stems from the principle that "[f]ederal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions." Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)). "This rule applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court action involves federal constitutional issues." Dubinka, 23 F.3d at 221 (citations omitted).

Rooker-Feldman bars not just attempts to directly appeal a state court's decision, but also "de facto" appeals. A forbidden de facto appeal is generally of two types: (1) the federal plaintiff "complain[s] of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court," or (2) the federal plaintiff "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." Noel v. Hall, 342 F.3d 1148, 1163 (9th Cir. 2003). When a plaintiff brings an improper de facto federal

Case 2:14-cv-09491-CAS-JCG   Document 19   Filed 02/04/15   Page 10 of 13   Page ID #:172

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

appeal, the federal court may not rule on issues that are " 'inextricably intertwined' with the state court judicial decision from which the forbidden judicial appeal is brought." Noel v. Hall, 342 F.3d at 1157. The Ninth Circuit has explained:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction.

Kougasian v. TMSL, 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting Noel, 341 F.3d at 1164).

Plaintiff expressly asks the Court to review the unlawful detainer action for state and federal civil rights violations. Compl. At 9:2-4 To the extent that plaintiff challenges the state court judgment itself, or the fact of its execution, this Court has no jurisdiction to hear such a challenge. A challenge of "a specific state court decision interpreting a state court rule" has no place in a federal district court. See Partington v. Gedan, 961 F.2d 852, 865 (9th Cir. 1992). Because not all of plaintiff's allegations and claims are clearly directed at a de facto appeal of the state court judgment or inextricably intertwined with a de facto appeal, however, the Court considers below whether plaintiff's allegations not directed at the state court judgment state any claim against the County.

        2.     Plaintiff's 42 U.S.C. § 1983 Claim

As against the County, plaintiff's § 1983 claim fails for the same reasons it fails against the City: plaintiff has not specifically stated any constitutional violation, and even if he had, he has identified no basis for holding the County liable under Monell. The Court also notes that, to the extent plaintiff seeks to hold the County liable for its sheriffs' execution of the state court judgment, persons who execute court orders have absolute quasi-judicial immunity for doing so. See Coverdell v. Dep't of Social & Health Servs., 834 F.2d 758, 764–65 (9th Cir. 1987) (citing Henry v. Farmer City State Bank, 808 F.2d 1228, 1238–39 (7th Cir. 1986) (sheriff who acted pursuant to official court order enjoyed quasi-judicial absolute immunity from liability for damages under § 1983), and Tymiak

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

v. Omodt, 676 F.2d 306, 308 (8th Cir. 1982) (similar)). For these reasons, plaintiff's § 1983 claim against the County is dismissed.

        3.      Plaintiff's Americans with Disabilities Act, Title VII, and Title VIII Claims

As discussed above, plaintiff's references to the ADA are vague and unsupported by factual allegations, and do not allege the elements of a Title II claim. Title VII prohibits employment discrimination, and there is no allegation of any employment relationship between plaintiff and the County. Title VIII relates to discrimination in housing transactions, and plaintiff does not allege that the County had any role in a housing transaction, other than enforcing the state court's judgment in the unlawful detainer action. Therefore, these three claims fail against the County for the same reasons that they fail against the City.

    **C.**    **The State's Motion to Dismiss**

As summarized above, plaintiff alleges that the State failed to offer or enforce proper housing guidelines.

        1.      Plaintiff's § 1983 Claim

Plaintiff's § 1983 claim against the State is barred by the Eleventh Amendment to the U.S. Constitution, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As interpreted by the Supreme Court, the amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent, even if the plaintiff is a citizen of the defendant state. See Hans v. Louisiana, 134 U.S. 1, 15 (1890). Absent a waiver, state immunity extends to state agencies. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142–46 (1993); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam).

Under the Ex parte Young exception to Eleventh Amendment immunity, a plaintiff may bring suit in federal court against a state officer acting in violation of federal law for prospective injunctive or declaratory relief. 209 U.S. 123 (1908); see also Pennhurst, 465

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
|---|---|---|---|
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

U.S. at 102–106.  But "[t]his exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought."  Puerto Rico Aqueduct, 506 U.S. at 146; Edelman v. Jordan, 415 U.S. 651, 678 (1974) (holding that a federal court may enjoin an official's future conduct, but may not award retroactive monetary relief).

     Plaintiff has directly sued the State for damages, and § 1983 "does not constitute an abrogation of the Eleventh Amendment immunity of the states."  Ginter v. State Bar of Nevada, 625 F.2d 829, 830 (9th Cir. 1980) (citing Quern v. Jordan, 440 U.S. 332, 338-41 (1979), Pugh, 438 U.S. at 781, and Edelman, 415 U.S. at 677); see also Hale v. Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) ("Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.").  Therefore, plaintiff's §1983 claim fails because the State is absolutely immune from suit under that statute.

     2.     Plaintiff's ADA, Title VII and Title VIII Claims

     As discussed above, plaintiff alleges almost no facts to support his ADA claim against any defendant, and has not pleaded the required elements against the State.  Plaintiff's Title VII and Title VIII claims against the State fail for the same reasons that they fail against the City and County.  Plaintiff has alleged no facts indicating that the State employed him or discriminated against him in a housing transaction or related matter.  These claims must be dismissed.

    **D.**    **Greyhound's Motion to Dismiss**

     As summarized above, plaintiff alleges that Greyhound lost his step-grandson's luggage and failed to find the luggage or otherwise make amends.

     1.     Plaintiff's § 1983 Claim

     To state a claim under § 1983, a plaintiff must (1) allege the violation of a right secured by the U.S. Constitution and laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  An individual acts "under color of state law" when he has exercised power "possessed by virtue of state law and made possible only because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | No. 2:14-cv-09491-CAS-JCG | Date | February 4, 2015 |
| Title | BILLY BURTON v. CITY OF PASADENA, ET AL. | | |

wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Thus, "a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." West, 487 U.S. at 48.

Greyhound is a private entity that, absent unusual circumstances, cannot act under color of state law. Plaintiff alleges that Greyhound acted under color of law because Greyhound "knows about the lost baggage issues, but refuses to make all corrections in the situation." Compl. at 8:18-20. Plaintiff also alleges that Greyhound "was/is acting under Color of Law, as it pertains to their official duties, under both State & USA Constitutions, & Federal Statutes." Id. at 3:21-23. These conclusory allegations are insufficient to convert private action into action "clothed with the authority of state law." Therefore, the § 1983 claim against Greyhound fails for lack of state action.

    2.  Plaintiff's ADA, Title VII, and Title VIII Claims

Plaintiff's ADA claim against Greyhound suffers from the deficiencies identified above. There are no factual allegations that fulfill the requirements for pleading an ADA claim or suggest that Greyhound ever employed plaintiff or was involved in any housing-related transaction or decision involving plaintiff.

**V.  CONCLUSION**

For the reasons stated above, plaintiff has failed to state any claim against any movant. Therefore, the Court **GRANTS** each of the instant motions to dismiss. Plaintiff shall have leave to amend his complaint to correct the deficiencies identified herein. See Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." (quoting Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc))). Any amended complaint must be filed no later than **March 9, 2015**. If plaintiff fails to file an amended complaint by that date, the Court shall dismiss this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |